◾        In the Matter of the Estate of May S. Ward, Deceased. (And a Similar Caption) In the Matter of the Estate of Stevenson E. Ward, Deceased. Stevenson E. Ward, Jr., et al., Appellants; Stevenson E. Ward, Jr., et al., Respondents.—In proceedings for the judicial settlement of intermediate accounts, appellants, income beneficiaries under two trusts, appeal from so much of each of two decrees of the Surrogate's Court, Westchester County, both dated October 26, 1976 and made in separate proceedings, as (1) held that the provisions of EPTL 11-2.1 (subd [e]) controls the treatment of stock distributions accrued after June 1, 1965 and (2) denied the application of their attorneys for legal fees to be paid out of the balance of principal of the trusts. Decrees affirmed insofar as appealed from, with separate bills of $50 costs and disbursements to appellants and respondents, payable equally out of the estates. EPTL 11-2.1 (subd [e], par [2]) provides that, in the absence of directions in the will to the contrary, any share distribution by a corporation "in the shares of the distributing corporation or association held in such trust" at the rate of 6% or less of the shares on which the distribution is made, is *income.* If any such share distribution is in excess of 6%, the entire distribution is principal. Directions in the will to the contrary must be clear and explicit (see *Matter of Kelchner,* 56 Misc 2d 315). The direction in the instruments at bar (identical wills) provides: "ELEVENTH: All stock dividends, including dividends payable in the stock of a corporation other than the one declaring them, and all cash dividends, whether regular or extraordinary, which shall be received by my Trustees hereunder shall be considered by my Trustees as wholly income and distributed to the beneficiary or beneficiaries accordingly, not-

withstanding the fact that any such cash dividend is either wholly or in part in the nature of a payment in partial liquidation or represents either wholly or in part a distribution of assets of the company or corporation other than surplus earnings." The term "stock dividend" is inherently ambiguous in that there are technical distinctions between "stock dividends" and "stock splits" (see *Matter of Payne [Bingham],* 7 NY2d 1; *Matter of Fosdick,* 4 NY2d 646). Thus, the Practice Commentary to EPTL 11-2.1 explicitly states that a direction in the governing instrument to allocate a "stock dividend" in a certain way would *not* constitute a sufficiently clear expression of the creator's intention to preclude the application of the 6% rule (Hoffman, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 11-2.1, p 130). One example of what would constitute a clear direction to the contrary would be a clause in the governing instrument establishing allocation in terms of a different percentage, i.e. a 10% distribution (see Lacovara, Trust Principal or Income, 45 NYU L Rev 210, 225). The strong presumption of the constitutionality of the statute has not been rebutted (see *Matter of Malpica-Orsini,* 36 NY2d 568). Appellants have no vested right in the rule of construction established by court decision which was in effect during the testator's life with respect to the allocation of corporate stock dividends (see, generally, *Tidal Oil Co. v Flanagan,* 263 US 444). Accordingly, the Legislature may change such rule without violating the Constitution (see *Matter of Allis,* 6 Wis2d 1; *Matter of Catherwood,* 405 Pa 61). Moreover, the life beneficiaries have no vested interest in the accumulated unpaid earnings of a corporation, the stock of which is held in trust, since even though a corporation may be highly successful, its earnings may never reach either the dividend stage or an earned surplus account *(Matter of Catherwood, supra,* pp 71-72; Second Report of Temporary State Comm. on Modernization, Revision and Simplification of Law of Estates [NY Legis Doc, 1963, No. 19]). The denial of counsel fees out of the trust principal to the substituted counsel for the income beneficiaries at the rehearing did not constitute an abuse of discretion by the Surrogate (see *Matter of Ablett,* 3 NY2d 261, 279; *Matter of Gibson,* 10 Misc 2d 282). Martuscello, J. P., Latham, Margett and O'Connor, JJ., concur.